## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COLLEEN CAMPBELL,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 16-4035** |
| | : | |
| **MARS, INC.,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                    November ȥȥ , 2016

### I.  INTRODUCTION

This is Mars, Inc.'s motion to dismiss Plaintiff Colleen Campbell's complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, and for failure to state a claim.  Ms. Campbell brings this putative class action alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g)(1).  For the reasons set forth below, we find that we lack personal jurisdiction over this matter and will transfer this case to the Southern District of New York.

### II.  STANDARD OF REVIEW

A defendant may move to dismiss a complaint due to lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  The plaintiff has the burden to demonstrate that the facts establish personal jurisdiction over the defendant. See Cumberland Truck Equipment Co. v. Detroit Diesel Corp., 401 F. Supp. 2d 415, 418 (E.D. Pa. 2005) (citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)).  When reviewing a motion to dismiss for lack of personal jurisdiction, we must

accept the allegations found in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. Id. (citing Cateret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 (3d Cir. 1992)).

We recite the relevant facts as they appear in the complaint and as evidenced by the documentary and public record in the light most favorable to Campbell.

## III. BACKGROUND

Mars is a large manufacturer of food products, with its most recognizable brand being M & M chocolates. See Compl. at ¶¶ 6-7, 9. It is a privately held Delaware corporation headquartered in McLean, Virginia. Kim Decl. at ¶ 2. Mars has a subsidiary, Mars Drinks, LLC, headquartered in West Chester, Pennsylvania and incorporated in Delaware. See https://www.corporations.pa.gov/search/corpsearch, MARS DRINKS NORTH AMERICA, LLC, Entity Number 627669 (type "Mars Drinks" in the Business Entity Name in the query box and hit "Search") (last visited Nov. 8, 2016). Less than 8% of Mars's sales occur in Pennsylvania. Kim Decl. at ¶ 5.

Mars operates M & M themed stores in New York, Nevada, and Florida. Id. at ¶ 6. Ms. Campbell visited the Times Square M & M store in New York on July 23, 2016 and made a purchase with her credit card. Id. at ¶ 18. The computer-generated receipt she received displayed the first six digits and last four digits of her credit card number. Id. at ¶ 18. She brought this suit on July 27, 2016 alleging violations of FACTA, which provides in relevant part that "no person that accepts credit cards...for the transaction of business shall print more than the last five digits of the card number or expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C.

2

§ 1681c(g)(1).  Mars responded by moving to dismiss Campbell's complaint for lack of

personal jurisdiction, lack of standing, and failure to state a claim.

## IV. DISCUSSION

Mars first moves to dismiss Ms. Campbell's complaint for lack of personal

jurisdiction, and we agree that we cannot exercise jurisdiction over the defendant.  But, as

Mars has consented to jurisdiction in the Southern District of New York and Ms.

Campbell could have brought her claims there, we will transfer this case instead of

dismissing it.

### A.   Motion To Dismiss For Lack Of Personal Jurisdiction

A district court sitting in diversity exercises personal jurisdiction according to the

law of the state where it sits.  Fed. R. Civ. P. 4(k)(1)(A); O'Connor v. Sandy Lane Hotel

Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007).  Pennsylvania's long-arm statute permits the

exercise of personal jurisdiction to the fullest extent permitted under the United States

Constitution.  42 Pa. Cons. Stat. § 5322(b); Pennzoil Prod. Co. v. Colelli & Assoc., Inc.,

149 F.3d 197, 200 (3d Cir. 1998) (stating that personal jurisdiction over non-resident

defendants is authorized to the constitutional limits of the Fourteenth Amendment's Due

Process Clause).  We therefore ask whether exercising personal jurisdiction over a

defendant is constitutional.  Due Process requires a non-resident defendant to have

certain minimum contacts with the forum state such that bringing the defendant into court

does not offend traditional notions of fair play and substantial justice.  Helicopteros

Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413 (1984) (quoting Int'l Shoe Co.

v. Washington, 326 U.S. 310, 316 (1945)).

3

First, we must determine whether a defendant's contacts with the forum state are sufficient to support general jurisdiction. Pennzoil Products Co., 149 F.3d at 200. A party subject to general jurisdiction can be brought into court regardless of whether the subject matter of the cause of action has any connection to the forum state. Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992). Courts may exercise general jurisdiction over foreign corporations "to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (internal citations and quotations omitted). A corporation's principal place of business and place of incorporation are the "paradigm forum[s] for the exercise of general jurisdiction." Id. at 924. In rare instances general jurisdiction may arise in an "exceptional case...[where] a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." Daimler AG v. Bauman, 134 S. Ct. 746, 762, fn. 19 (2014). Moreover, we cannot exercise general jurisdiction over a foreign corporation "merely because of [the corporation's] ownership of...a subsidiary doing business in that state." Action Mfg. Co. v. Simon Wrecking Co., 375 F. Supp. 2d 411, 420 (E.D. Pa. 2005) (quoting Lucas v. Gulf & Western Industries, Inc., 666 F. 2d 800, 805-6 (3d Cir. 1981)).

We cannot exercise general jurisdiction over Mars here in Pennsylvania. Mars is incorporated in Delaware and headquartered in Virginia. The Pennsylvania market comprises less than 8% of Mars's total sales. And the contacts of Mars Drinks, a

4

subsidiary of Mars located in West Chester, Pennsylvania, do not reach a sufficient magnitude to render Mars's contacts "so continuous and systematic as to render them essentially at home" in Pennsylvania.

Since we lack general jurisdiction, we must next inquire as to whether we have specific jurisdiction over Mars. Specific jurisdiction exists when a plaintiff's claim is related to, or arises out of, a defendant's contacts with the forum state. Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 212 (3d Cir. 1984). The relationship of the defendant, the forum state, and the litigation creates the foundation for specific jurisdiction. Id. We must ask whether a defendant has purposely availed itself of the forum state by invoking the benefits and protections of its laws, and whether a defendant's conduct and connection with the forum state are such that it should reasonably anticipate being brought into court there. Mellon Bank, 960 F.2d at 1222. A single contact creating a substantial connection with the forum state can be sufficient to support exercising personal jurisdiction over a defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).

To determine whether we have specific jurisdiction, we must ask three related questions. First, has the defendant purposefully directed its activities at the forum state? D'Jamoos ex rel. Estate of Weinegroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009). Second, does the litigation arise out of, or relate to, at least one of those activities? Id. And, third, if the first two requirements have been met, does exercising specific jurisdiction comport with fair play and substantial justice? Id. We must evaluate fairness based on several factors, including the burden on the defendant, the forum state's

5

interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

Here, it is clear that Mars has purposefully directed its activities at Pennsylvania. It sells a plethora of products in the state and 8% of its sales occur here. But this litigation does not arise out of its sales in Pennsylvania. Instead, it arises out of purchases at the M & M stores located in Orlando, Las Vegas, and New York. While Pennsylvania citizens undoubtedly visit those stores, it stretches reason to say that the operation of these stores in three tourist destinations outside of Pennsylvania represent Mars purposely availing itself to Pennsylvania. We cannot exercise specific jurisdiction over Mars, and therefore we lack any jurisdiction over this matter.

### B.   Transferring the Case to the Southern District of New York

As we lack jurisdiction over this case, we must now determine whether to dismiss the action or transfer it to an appropriate district court, specifically the Southern District of New York. "Once a district court determines that it lacks personal jurisdiction over the defendant, it has the option of dismissing the action or transferring it to any district in which it could have been brought." Matthews v. Am.'s Pizza Co., LLC, No. 13-6905, 2014 WL 1407664, at *1–2 (E.D. Pa. Apr. 10, 2014); see also 28 U.S.C. § 1631; D'Jamoos, 566 F.3d at 110 (directing the district court on remand to consider transfer pursuant to § 1631 where personal jurisdiction was lacking); Island Insteel Sys., Inc. v.

6

Waters, 296 F.3d 200, 218 n. 9 (3d Cir.2002) (stating that, where a court lacks personal jurisdiction, it can transfer the action pursuant to § 1631); Gallant v. Tr. of Columbia Univ., 111 F. Supp. 2d 638, 648 (E.D. Pa. 2000) (Katz, J.) (transferring action under § 1631 where court lacked personal jurisdiction). Transfer is preferred over dismissal, so we will decline to transfer the case only if we find transfer to not be in the interest of justice. Matthews, 2014 WL 1407664, at *2 (citing Britell v. U.S., 318 F.3d 70, 73 (1st Cir. 2003)).

First, we must determine whether Ms. Campbell could have brought this action in the Southern District of New York. The answer is unequivocally yes. She made a purchase at the New York M & M store and received a receipt which allegedly violated FACTA. A district court sitting in the Southern District of New York could exercise specific personal jurisdiction over Mars. In fact, Mars agrees that the Southern District of New York would be an appropriate venue for this action. See Def's Reply Supp. Mot. at 9 ("Mars does not object to the Southern District of New York as the destination"). Second, we must determine whether transferring this matter would serve justice by examining three factors: (1) whether transfer would unfairly benefit the plaintiff, (2) whether it would impose an unwarranted hardship on the defendant, and (3) whether it would unduly burden the judicial system. Matthews, 2014 WL 1407664, at *2 (citing Britell, 318 F.3d at 74). Transfer would not unfairly benefit the plaintiff – the Southern District of New York is not the plaintiff's home and is more than capable of fairly adjudicating this dispute. By Mars's own admission, transfer would not impose a hardship on the defendant. And such transfer would not unduly burden the judicial

7

system as the Southern District of New York is very capable of adjudicating the substantive and procedural issues in this case. All three factors favor transfer.

Mars urges us to dismiss this action, stating that transfer would be futile since Ms. Campbell lacks Article III standing and has failed to state a claim. But since we find that we lack jurisdiction to hear this matter, we will not delve into the substantive disputes over Ms. Campbell's claim. We will therefore transfer this case to the Southern District of New York.

## V. CONCLUSION

We lack personal jurisdiction over Mars, Inc. to preside over this case. But, our colleagues in New York are well positioned to take up this task. We will grant Mars's motion to dismiss for lack of personal jurisdiction and transfer this case to the Southern District of New York.

An appropriate Order follows.

8